*Decision will be entered under Rule 50.*

NATIONAL ADJUSTING ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53464.   Promulgated March 29, 1935.

*David Levinson, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

318

OPINION.

McMahon: The respondent, upon an audit of petitioner's returns covering a period of years, determined that the petitioner's method of estimating earned commissions failed to reflect the commissions to which petitioner was entitled on payments made by debtors to clients, particularly in view of the fact that petitioner retained collections made by it until clients reported on payments received from debtors. The respondent, therefore, pursuant to section 212 (b) of the Revenue Act of 1926,[1] recomputed the earned commissions by using an average percentage based upon total collections and remittances for a period of five preceding years.

The petitioner contends that the total of collections received by it in each year, in excess of its commissions thereon, is a liability and remains a liability until settlement is made, or until the expiration of the statute of limitations; and that, therefore, no part thereof, until settlement or expiration of the statutory period, can possibly be included in its gross income.

The practice of the petitioner of examining the master cards did not aid in determining the commissions to which petitioner was entitled on both collections made by it and on all payments made by debtors to clients. While payments made by debtors to clients were entered on the cards, such payments and the commissions thereon were entered only if and when the clients reported such payments to the petitioner. Hence, the cards did not disclose the commissions on unreported payments to clients to which the petitioner was entitled. The practice of checking up the master cards, therefore, does not disclose the actual amount of commissions to which petitioner is entitled under its contracts because it fails to disclose the commissions to which the petitioner is entitled on unreported payments made to clients, and discloses merely (1) the commissions

[1] (b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

to which it is entitled on collections made by it, and (2) commissions to which it is entitled on reported payments made by debtors to clients.

The petitioner does not make settlements with its clients until the amount of its offsetting claims against the clients for commissions on payments made by debtors to clients has been ascertained. Hence collections made by petitioner, less its commission thereon, which ordinarily would be due and payable to clients, are retained by the petitioner until clients make reports of payments received.

The earned commission reported by petitioner on its return was estimated by using the following percentages for 1924 to 1927, inclusive: 71.48, 75, 75, and 70 percent, respectively, while the respondent used the following percentages: 84.373, 85.493, 86.519, and 85.313 percent, respectively. There is no evidence to show how, or the method by which, the percentages used by the petitioner were determined or arrived at, except that the first percentage used was based on some figures submitted by petitioner's president and that changes in the percentages were made when the annual check up of the master cards indicated to petitioner that a change should be made. On the other hand, the percentages used by respondent are based upon the total collections from debtors of clients and remittances from petitioner to clients over a period of five years. They are based on known and actual figures resulting from petitioner's own business experience covering a period of five years.

The petitioner adduced no evidence pertaining to the collections ordinarily due clients which petitioner retained each year awaiting reports from clients as to payments received by them. There is no evidence as to the amounts of collections so retained by petitioner, if any, which were never remitted to clients. There is no evidence as to the amount of commissions earned each year by the petitioner on collections made by it, or the amount of commissions earned each year on reported payments made by the debtors directly to clients, both of which were ascertainable from its own records.

The petitioner contends that the entire amount collected by it in excess of its commission thereon is a liability and remains a liability until settlement is made or until the expiration of the statutory period of limitations. No doubt there were some clients who failed to make reports to petitioner and as to these, according to petitioner's practice, no settlements have been made. Hence, some of these retained collections were probably never remitted to clients. The petitioner has been in existence since 1918. In the meantime claims of clients for collections retained by petitioner have probably been outlawed, but there is no evidence that petitioner included such items in income at any time.

The petitioner contends that the respondent's method is inconsistent and erroneous because, while he based his computation of the peti-

tioner's liability to its clients on the amount of $109,620.07, the amount which petitioner estimated to be due to its clients as of December 31, 1923, he assumes that there is no further liability to clients for each succeeding year. The petitioner is in error in this respect. The respondent in determining the amount due to clients as of December 31 each year recognized the fact that petitioner is continually incurring and reducing its liability to its clients. Commencing with the amount of $109,620.07, as the amount of liabilities due clients as of January 1, 1924, he deducted each year the amount remitted to clients and added each year the difference between the amount collected and the amount determined to be earned commissions, or 15.627 percent of the collections in 1924, 14.507 percent of collections in 1925, 13.481 percent of collections in 1926, and 14.687 percent of collections in 1927, with the result that at the end of 1927 the amount due to clients was estimated to be $68,252.64.

In our opinion the petitioner has failed to show that respondent's method of computation of petitioner's earned commissions is erroneous.

Furthermore, we are convinced, from the evidence presented, that the method of accounting employed by the petitioner and its method of estimating its earned commissions do not clearly reflect its annual income. We must, therefore, approve the respondent's determination.

*Decision will be entered for the respondent.*